Case 3:02-cv-01666-JBA    Document 117    Filed 07/06/2004    Page 1 of 3

MANDATE

DCNH
02-cv-1666
ARTERTON
MARGOLIS

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 24th day of March, two thousand four.

PRESENT:
    HON. SONIA SOTOMAYOR,
    HON. ROBERT A. KATZMANN,
    *Circuit Judges,*
    HON. MILTON POLLACK,*
    *District Judge.*



GERARDO SANCHEZ,

    *Plaintiff-Appellant,*

    -v.-    No. 03-7991

MANUAL R. CORONA, BERNARD V. PREZIOZI, JR.,
CURTIS, MALLET-PREVOST, COLT & MOSLE, LLP,
BANCO BILBAO VIZCAYA ARGENTARIA, S.A.,

    *Defendants-Appellees.*

FOR APPELLANT:    Gerardo Sanchez, *pro se*, Brookfield, CT.

FOR APPELLEES:    Peter E. Fleming III, Esq., Curtis, Mallet-Prevost, Colt & Mosle, LLP, Stamford, CT.

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Connecticut (Atherton, J.), it is hereby ORDERED, ADJUDGED, AND

---

* The Honorable Milton Pollack, of the United States District Court for the Southern District, sitting by designation.

—ISSUED AS MANDATE : 6-23-04

DECREED that the judgment of the district court is AFFIRMED.

---

Plaintiff-appellant Gerardo Sanchez appeals from a judgment of the district court dismissing his third amended complaint against Manuel Razola Corona and Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA") for lack of personal jurisdiction. In his complaint, Sanchez alleged that the defendants committed fraud in a 1992 action in the Southern District of New York by submitting a false declaration executed by Corona, and that the declaration secured the wrongful dismissal of that action on the ground of *forum non conveniens*.

On appeal, Sanchez claims that the district court erred in dismissing his complaint for lack of personal jurisdiction, arguing that the facts he alleged in support of personal jurisdiction, including BBVA's extensive business contacts in Connecticut and his own heart attack in Connecticut upon the receipt of Corona's false declaration, sufficed to establish jurisdiction over the defendants. This Court reviews the district court's factual holdings for clear error and its legal conclusions *de novo*. *See Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*, 264 F.3d 32, 36 (2d Cir. 2001). For substantially the same reasons stated by the district court, we find that Sanchez's third amended complaint was properly dismissed for lack of personal jurisdiction over BBVA and Corona.

Sanchez also asserts that the district court should have held an evidentiary hearing in order to allow him to present evidence supporting personal jurisdiction. No evidentiary hearing was required, however, because Sanchez failed, after extensive discovery, to satisfy even the more relaxed burden of alleging specific facts that, if credited by the trier of fact, would suffice to establish a *prima facie* showing of personal jurisdiction over the defendants. There is therefore no indication that, after an evidentiary hearing, he would be able to satisfy the elevated burden of proving jurisdiction by a preponderance of the evidence. *See Commercial Union Ins. Co. v. Alitalia Airlines, S.p.A.*, 347 F.3d 448, 469-70 (2d Cir. 2003).

Sanchez's contention that his complaint also alleged claims for breach of contract, and that BBVA consequently is subject to personal jurisdiction in Connecticut on the basis of its various business and contractual contacts within the state, is also without merit. Sanchez's amended complaint does not allege that BBVA breached any contract. Moreover, even if the complaint could be construed as alleging such a claim, personal jurisdiction would still be lacking because Sanchez has failed to allege that the contract supposedly breached was made in Connecticut or was to be performed in Connecticut, as required under the applicable long-arm statute. *See* Conn. Gen. Stat. § 33-929(f)(1).

Finally, Sanchez challenges a number of the district court's discovery rulings. This Court reviews a district court's discovery rulings, including the denial of a motion to strike, for abuse of discretion. *See In Re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 68 (2d Cir. 2003). The district court did not abuse its discretion in denying as moot Sanchez's motion to strike certain affidavits, as consideration of these affidavits was unnecessary in light of Sanchez's failure to make a *prima facie* showing of jurisdiction. Nor did the district court err in denying Sanchez's objection to a telephonic deposition of Corona. The defendants made many attempts to accommodate Sanchez and address his concerns, yet he chose not to pursue the deposition. Sanchez's remaining arguments with respect to the court's discovery rulings are also without merit.

1
2    Accordingly, the judgment of the district court is AFFIRMED.
3
4
5                                              FOR THE COURT:
6                                              Roseann B. MacKechnie, Clerk
7                                              By:
8
9                                              *Lucille Carr*
10                                             Lucille Carr, Deputy Clerk
11

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____ DEPUTY CLERK

-3-